THE PHŒNIX INSURANCE COMPANY, Appellant, v. TRENTON WATER COMPANY, Respondent.

Kansas City Court of Appeals, November 10, 1890.

Action: ORDINANCE: WATER COMPANY: FAILURE TO SUPPLY WATER TO EXTINGUISH FIRE: PRIVIES. A city ordinance granting a franchise to a water company, among other things, provided: "Should said water company * * * fail to furnish a reasonable or adequate supply of water to extinguish any fire, then it shall be liable for all damages occasioned by all such fire or neglect." *Held* that an insurance company, a citizen of, and owning property in, said city, and paying taxes thereon, could not maintain an action on said ordinance on the ground that the water company had failed to furnish an adequate supply of water to extinguish a fire in one of its patrons' houses, whereby the plaintiff was compelled to pay the loss so occasioned; the insurance company was not a party or privy to the contract between the city and the water company.

*Appeal from the Grundy Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*E. M. Harber* and *G. L. Winters*, for appellant.

1) It is said in these ordinances, and so stated in the petition, that it was in consideration of the

benefits that would accrue to the town and its citizens that said contracts were entered into. Doubtless this very provision that defendant now contends is of no force and effect entered largely into the consideration of the town council in passing, and the voters in ratifying, these ordinances, and we insist that for this neglect of duty and breach of contract, whereby, and by reason whereof, damages resulted directly to plaintiff, a right of action exists against defendant. *Rogers v. Gosnell*, 58 Mo. 89, and cases cited ; *Markel v. Tel. Co.*, 19 Mo. App. 80 ; *Lampert v. Gaslight Co.*, 14 Mo. App. 376. (2) The contract, as it in terms stated, was made for the benefit of plaintiff, all citizens of the town, and it is not in this state ( regardless of what the rule may be in others) necessary that plaintiff should have been privy to the contract between the town and water company. *Bank v. Benoist*, 10 Mo. 521 ; *Robbins v. Ayers*, 10 Mo. 539 ; *Miles v. Davis*, 19 Mo. 408 ; *Flanagan v. Hutchinson*, 47 Mo. 237 ; *Harney v. Dutcher*, 15 Mo. 89 ; *Rogers & Peak v. Gosnell*, 51 Mo. 466 ; *May v. Lowell*, 44 Mo. 328 ; *Fitzgerald v. Barker*, 4 Mo. App. 105 ; *Markel v. Tel. Co.*, 19 Mo. App. 80 ; *Lampert v. Gaslight Co.*, 14 Mo. App. 376 ; *Amonette v. Montague*, 75 Mo. 43 ; *Cress v. Blodgett*, 64 Mo. 449 ; *Fitzgerald v. Barker*, 70 Mo. 685. (3) Plaintiff, upon making payment to assured under the policy, became thereby subrogated, to the extent of such payment, to the rights of assured, and if, therefore, the assured could maintain an action against the water company, of which there certainly can be no reasonable doubt, the insurance company, plaintiff, can, also. Wood on Fire Ins. [2 Ed.] pp. 1082, 1083, 1084, 1085 and 1086, sec. 500 ; *Ins. Co. v. Railroad*, 66 Wis. 58 ; *Sworthout v. Railroad*, 49 Wis. 525.

*Peak, Yeager & Ball*, for respondent.

(1) The appellant was not a party to the contract sued on, and sustained no relation of privity to either

of the contracting parties. Therefore, it cannot main-
tain an action upon the contract, and the demurrer to
the petition was properly sustained. *Vrooman v. Tur-
ner*, 69 N. Y. 280; *Woodland v. Newhall's Adm'r*, 31
Fed. Rep. 434; *Kansas City ex rel. v. O'Connell*, 99
Mo. 357. (2) The precise point raised by the demur-
rer in this case has been decided in a number of well-
considered cases; and in every instance the appellant's
right of recovery upon contracts precisely similar to the
one pleaded in this case has been denied. *Davis v.
Water Co.*, 54 Iowa, 59; *Nickerson v. Hydraulic Co.*,
46 Conn. 24; *Ferris v. Water Co.*, 16 Nev. 44; *Fowler v.
Water Co.*, 9 S. E. Rep. 673; *Atkinson v. Water Co.*,
2 L. R. Exch. Div. 441. No new reasons are urged here
which were not considered in those cases to influence
this court to depart from the line of authorities already
established. No new arguments are presented—no con-
clusive logic or reasons of public policy—to indicate the
necessity or propriety of a departure from the rule
already established.

ELLISON, J.—Plaintiff, a fire insurance company,
sued the defendant, a water company, for damages
alleged to have resulted on account of having to pay a fire
loss on a policy issued on a dwelling, belonging to one
of its patrons. The circuit court sustained a demurrer
to the petition as not stating a cause of action. Plain-
tiff stood on its petition, and appeals here. The peti-
tion, in substance, alleges defendant had accepted and
fully agreed to, ratified and was pretending and assum-
ing to act under, and receive the benefits of, certain
ordinances of the town of Trenton, in Grundy county,
Missouri, one of which said ordinances is entitled, "An
ordinance in relation to the establishment, construction
and maintenance of water works in the town of Tren-
ton, Grundy county, Missouri," and the other of said
ordinances, entitled "An ordinance providing for the
adjustment of all matters of difference between the

town of Trenton and the Trenton Water Company, to provide for supplying said town with an adequate supply of pure, clear and wholesome water, and to fix the compensation to be paid therefor, and to repeal all ordinances inconsistent with or contrary to the provisions of this ordinance;" that both the ordinances mentioned and set out in the petition were duly passed and approved by the council of the town of Trenton, and that each of said 'ordinances was duly approved at elections held therefor, by three-fourths or more of the qualified voters of said town; that all of the conditions and provisions of said ordinances had been fully assented, and agreed, to by defendant, and defendant had been and was continuing to receive the benefits arising from said ordinances; that in said first ordinance, among other things agreed to and assured by this defendant, was the furnishing at all times an adequate supply of good, clear, wholesome water for fire and other public and private uses, and the throwing, at all times, of six streams of water, * * * eighty feet high at the same time, in the business portion of town, and the throwing of at least two effective streams at any one time, in any other portion of said town accessible from the mains; that in said last-named ordinance so assented to, approved and ratified by defendant, it was, among other things, also provided, "should said water company, from lack of water supply or any other cause, except providential or unavoidable accident, fail to furnish a reasonable or adequate supply of water to extinguish any fire, then it shall be liable for all damages occasioned by all such fire or neglect;" that it was also provided in each of said ordinances, that in consideration of the promises, undertakings and agreements of defendant and the benefits that would accrue therefrom to said town, its citizens and inhabitants in the erection and maintaining of water works therein and the keeping and performing of the conditions and agreements therein agreed, that said town would give

therefor the sum of three thousand dollars per year, and said price was to be and since that time has been collected from plaintiff and other inhabitants and citizens of said town and paid to defendant; that by said ordinances a special tax was to be assessed against and collected annually on all property in said town, for the purpose of paying said three thousand dollars; that at the time, and prior to, passage of either of said ordinances plaintiff had an office and was a citizen doing business in the corporate limits of said town; that it had at all times large amounts of property therein subject to taxation; that an additional tax of five mills was assessed against and collected on its property of the value of five hundred dollars, in said town, for the years 1886, 1887, 1888 and 1889, to pay said water company; that relying upon the defendant keeping the conditions of said ordinance, it paid said tax and reduced its rates of insurance. The petition then alleges the issuance of its policy of insurance to W. H. Howsman; that the property insured was accessible and near the mains; that from lack of water supply, and from lack of power and pressure, and from other causes than providential or unavoidable accident, defendant failed to furnish a reasonable or adequate supply of water to extinguish said fire, and by reason of said failure said house burned to a total loss, and plaintiff had to, and did, pay said Howsman $742.87.

The plaintiff was not a party to the contract embodied in the ordinances, and the first question presenting itself is, is it privy to such contract? There is a rule of law usually illustrated in this way: If A owes C, and B owes A, and A and B contract that B shall pay A's debt to C, the latter may sue B on the contract though he was no actual party to it, it being made for his benefit and presumed to have been accepted by him. Whatever reason has been given for this rule, or whatever principle it may have been held to spring from, in all cases where such an action had been sustained, there

has been a debt or duty owing by the *promisee to the third party* who claims the right to sue the promisor on the promise. *Vrooman v. Turner*, 69 N. Y. 280. An examination will show such to have been the condition of the case of *Rogers v. Gosnell*, 58 Mo. 589.

In the case at bar, the contracting parties were the city of Trenton and the water company. The insurance company is the third party suing and wanting to obtain the benefit of the promise of the water company made to the city. But an essential element is lacking. The city owes no legal duty to the insurance company to furnish water with which to extinguish fires.

II. The case can be made to appear with greater clearness, perhaps, by this suggestion : The insurance company can have no greater rights than the assured whose house was burned. Conceding, therefore, that it stands subrogated to whatever right the assured had, what are his rights in a case of this sort against the water company? None whatever. *Davis v. Water Co.*, 54 Iowa, 59 ; *Nickerson v. Hydraulic Co.*, 46 Conn. 24 ; *Ferris v. Water Co.*, 16 Nev. 44 ; *Fowler v. Water Co.*, S. C. Georgia, 1889 ; *Atkinson v. Water Co.*, 2 L. R. Exch. Div. 441. There is no privity of contract between the parties, nor is there anything in the relation of the parties to bring them within the principle above adverted to. It is true, as was said in *Davis v. Water Co., supra :* "The city, in the exercise of its lawful authority, to protect the property of the people, may cause water to be supplied for extinguishing fires and for other objects demanded by the wants of the people. In the exercise of this authority it contracts with defendant to supply the water demanded for these purposes. The plaintiff received benefits from the water thus supplied in common with all the people of the city." But the court continues : "These benefits she receives just as she does other benefits from the municipal government, as the benefits enjoyed on account of improved streets,

peace and order enforced by police regulations and the like.''

We have examined authorities cited by plaintiff, and believe them not applicable to the case under the view we have taken.

Our opinion is the trial court ruled right on the demurrer and the judgment, with the concurrence of the other judges, will be affirmed.