Opal JENNINGS, Administratrix of the Estate of Edward P. Jennings, Deceased, and Opal Jennings, Appellants,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Inc., a Corporation, Respondent.

No. 45966.

Supreme Court of Missouri, Division No. 1.

Dec. 9, 1957.

Richard C. Warmann, St. Louis, Gerst & Londoff, Pine Lawn, for appellants.

John Mohler, George J. Meiburger, St. Louis, for respondent.

WESTHUES, Judge.

Edward P. Jennings and Opal Jennings, as husband and wife, instituted this suit in the Circuit Court of the City of St. Louis, Missouri, against the Southwestern Bell Telephone Company, Inc., to recover $2,900 actual and $10,000 punitive damages. The trial court sustained defendant's motion to dismiss on the ground that the petition failed to state a cause of action. An appeal was taken to this court. However, before the appeal was taken, Edward P. Jennings died and the case as to Edward P. Jennings was revived in the name of Opal Jennings as administratrix of his estate.

The basis of plaintiffs' suit was that on April 11, 1954, at about 1:30 a. m. a fire was discovered in plaintiffs' home at 4222 Clarence Avenue, St. Louis, Missouri; that when plaintiffs attempted to call the fire department, the defendant, through its

agents, negligently failed to make telephone connections for plaintiffs with the fire department causing a delay of about 20 minutes and as a result of such delay, the fire damaged plaintiffs' property beyond the damage that would have occurred had the telephone connection been promptly made. Plaintiffs' petition, in substance, stated that they were the owners of the property damaged by fire; that the defendant operated a telephone system; that plaintiffs were subscribers; that the defendant "did further undertake and represent to provide all of its subscribers, including these plaintiffs, with emergency telephone service and did undertake and represent in the case of fire and other extreme emergency upon notification thereof being given by telephone to defendant's operators to connect such subscriber with the Fire Department of the City of St. Louis, Missouri, or otherwise give notification of said emergency to the said Fire Department of the City of St. Louis, Missouri."

Plaintiffs' petition further alleged that there was in the City of St. Louis a fire department which was provided with telephone facilities for the purpose of receiving calls and that such department immediately upon receiving a call dispatches fire fighting equipment for the purpose of extinguishing the fire; that a fire station with such equipment was located about 3 blocks from plaintiffs' property. The petition then states "That on or about the 11th day of April, 1954, at approximately 1:30 A.M., the plaintiff, Opal Jennings, being awakened from her sleep, did discover a fire downstairs in plaintiffs' said residence known as and numbered 4222 Clarence Avenue as aforesaid; that said fire at said time of its discovery was confined solely to a couch in the living room of said premises, which said couch at said time was smouldering only, causing plaintiffs' said residence to be filled with smoke; that said plaintiff did then and there immediately upon said dicovery of said fire attempt to

notify said fire department of said fire by and through the said telephone and telephone service and facilities provided by defendant to plaintiffs at their said residence as aforesaid; that plaintiffs' telephone being located in the hall of said premises immediately adjoining said smouldering couch in said living room, said plaintiff was unable to ascertain the telephone exchange and number of said fire department from defendant's telephone book because of the smoke from said fire and, therefore, said plaintiff dialed for and was connected with an operator of the defendant; that said plaintiff did then and there advise said operator of her name and address and of said fire and smoke and said emergency and did request said operator to connect her with the said fire department; that said operator of defendant, although fully informed of all of the aforesaid facts and circumstances, did negligently and carelessly fail and omit to perform her said undertakings in said emergency as aforesaid, and did negligently and carelessly fail and omit in said emergency to connect said plaintiff with said fire department or otherwise give notification of said emergency and plaintiff's request to said fire department as aforesaid."

It was further stated in the petition that about 1:40 a. m. plaintiff Opal Jennings again atttempted to call the fire department with the same result as stated in the above-quoted portion of the petition. Plaintiffs then alleged "That thereafter, at approximately 1:50 A.M. of said date, while said fire was still confined solely to said couch, and after said plaintiff did again wait on the porch of said premises to 'flag down' said fire department, said plaintiff did for a third time dial for and was connected with an operator of defendant; and that as said plaintiff at said time was again pleading with said operator to connect her with said department in her said emergency, said fire suddenly spread from said couch to the wall, ceiling, woodwork, fixtures and interior of said living room and then to the other rooms

of said premises, causing plaintiffs to be driven from their said home and causing the damages to said real estate as hereinafter alleged.

"That at approximately 1:51 A.M. of said date, said office maintained by said fire department did receive notification of said fire in plaintiffs' said premises by telephone from defendant's operator with whom said plaintiff was connected upon the third call placed by her as aforesaid; that said fire department did then and there immediately notify, dispatch and cause to be sent agents, servants, employees, trucks and equipment of said fire department to said fire; and that said agents, servants, employees, trucks and equipment of said fire department did arrive at plaintiffs' said residence approximately two or three minutes after receipt of such notification at 1:51 A.M. as aforesaid and with the assistance and aid of the water supply furnished by the said City of St. Louis in and through a fire plug or hydrant provided at or near plaintiffs' said premises for use in such emergencies, did thereupon successfully fight, control and extinguish said fire."

Further allegations of the petition are that had the defendant, through its agents, promptly connected the telephone facilities, the fire department could and would have responded in time to have confined the fire solely to the couch. Plaintiffs charge that the negligence of the defendant was gross, wanton, and malicious, evidencing a reckless indifference and disregard to plaintiffs' rights. It was on this basis that the sum of $10,000 in punitive damages was requested.

Defendant cited the following cases in the motion to dismiss in support of its contention that plaintiffs' petition did not state a cause of action: "Forgey v. Macon Telephone Co., 1922, 291 Mo. 539, 237 S.W. 792, 19 A.L.R. 1413; Foss v. Pacific Telephone & Telegraph Co., 1946, 26 Wash.2d 92, 173 P.2d 144; Southwestern Bell Telephone Company v. Norwood, 1948, 212 Ark. 763, 207 S.W.2d 733." Those cases and many others from various jurisdictions ruled that the facts presented either by petition or in some cases by the evidence at a trial showed as a matter of law that the acts of the telephone company were not the proximate cause of the damage. See 86 C.J.S. Telegraphs, Telephones, Radio and Television § 273 c(1), pp. 284, 285; 52 Am. Jur. 126–128, Secs. 97, 98, and 99, and cases there cited.

In the case before us, we are dealing with an emergency call. The emergency was a fire in the subscribers' home. Notice of the emergency was given to the defendant company and the question before us is whether a telephone company in such circumstances should be liable in damages if the company negligently fails to connect a subscriber with the fire department thereby delaying the arrival of the firemen with fire-fighting equipment.

A close examination of cases will disclose that the company should be liable in such circumstances for the damage caused by the delay. In other words, if the defendant had knowledge of the fire and negligently failed to connect the subscribers' telephone with that of the fire department thereby causing delay and damage, the defendant should be liable.

In the case of Forgey v. Macon Telephone Co., supra [291 Mo. 539, 237 S.W. 794], this court held that both the cause and the amount of damages in that case were too remote and speculative to fasten liability on the telephone company. The court quoted and approved comments made by the Supreme Court of Iowa in the case of Volquarsden v. Iowa Telephone Co., 148 Iowa 77, 126 N.W. 928, 28 L.R.A.,N.S., 554. In these comments, the court stated that "'several links in the chain of sequence are involved in doubt and speculation. * * At what time must they (the firemen) have been on the ground to have saved the prop-

erty? * * * Suppose the connection at the central office had been made promptly, would the fireman in charge of the fire station have responded promptly and promptly have rung the fire bell?'" Other so-called speculative matters were enumerated which we need not quote. Within the above quotation, the Iowa court made the following statement: "'Of course, if the failure to put out the fire was the direct and natural consequence of the unreasonable delay in making the connection, then there could be no doubt as to defendant's liability.'" Whether a case falls within that class or rule depends upon the facts in evidence. In the case before us, we are dealing with whether the trial court was right in dismissing plaintiffs' petition for the reason that no cause of action was stated. In such a case, we must assume as true all the facts pleaded. So far as pertinent here, the plaintiffs alleged that the fire in question was discovered at 1:30 a. m.; that at that time it was confined to a couch in the living room; that the telephone was in a hall nearby; that due to the smoke the telephone directory could not be used to find the number of the fire department; that an operator of the defendant was given all of this information and requested to make the connection with the fire department, but that the operator failed to do so; that a second attempt was made 10 minutes later with the same result and that the fire at that time was still confined to the couch; that on the third attempt, about 20 minutes after the first call, the fire department received notice of the fire and responded within about 3 minutes and successfully put out the fire which had by that time spread to other parts of the house causing great damage. If those facts are true, and we at this time must consider them so, then the speculative events mentioned by the Iowa court and quoted in the Forgey case, supra, are eliminated. We rule that plaintiffs stated a cause of action. We are supported by respectable authority in this ruling. Vinson v. Southern Bell Telephone & Telegraph Co., 188 Ala. 292, 66 So. 100,

loc. cit. 103(5, 6), L.R.A.1915C, 450; Peterson v. Monroe Independent Telephone Co., 106 Neb. 181, 182 N.W. 1017; Boldig v. Urban Telephone Co., 224 Wis. 93, 271 N.W. 88, loc. cit. 93, 94(3, 4); Christenson & Arndt, Inc., v. Wisconsin Tel. Co., 264 Wis. 238, 58 N.W.2d 682.

The State of Wisconsin has a statute, W.S.A. 182.019, in substance similar to our statute, Section 392.170 RSMo 1949, V.A. M.S., which reads in part as follows: "Every telephone or telegraph company now organized under the laws of this state, and every telephone or telegraph company now organized, or which may hereafter be organized under the laws of any other state or territory, and doing business in this state, shall be liable for special damages occasioned by the failure or negligence of their operators or servants in receiving, copying, transmitting or delivering dispatches; * * *." This statute, however, does not dispense with the necessary element of proximate cause.

In Cottonwood Fibre Co. v. Thompson, 359 Mo. 1062, 225 S.W.2d 702, this court ruled that a railroad company would be liable in damages if, after notice of a fire, the negligent operation of a train caused fire-fighting apparatus to be delayed in reaching the fire. See 225 S.W.2d loc. cit. 705, 706(1) (2); 74 C.J.S. Railroads § 478b, pp. 1068, 1069.

The majority of the cases holding a telephone company not liable based the ruling on the theory that the delay caused by the neglect of the telephone company could not have been the proximate cause of the damage. See Foss v. Pacific Telephone & Telegraph Co., supra, where cases from many states were reviewed. However, in the case before us, under the facts pleaded in plaintiffs' petition, the question of proximate cause would be a jury question. In the Forgey case, supra (237 S.W. loc. cit. 793, top of page, right-hand column), the plaintiffs' petition in that case alleged that had the telephone company responded to her call

" 'the fire department would have immediately responded to said call, and could and would have been at her residence within a period of some three or four minutes' time, and that they had all the material for promptly extinguishing the fire, and that the fire had gained such little headway at said time that it could have been and would have been promptly extinguished.' " This court held that such statements were mere conclusions and not statements of facts.

In the case before us, plaintiffs alleged facts and not conclusions. They were that for about 20 minutes after the first attempt to call the fire department, the fire was confined to the couch in the living room; that after the connection with the fire department was finally made, it responded within 3 minutes and did successfully put out the fire which had by that time spread to other parts of the house. It will be noted that the opinion in the Forgey case, supra, was concurred in by only three judges, one judge concurred in result, two judges dissented, and one judge was absent. We, in this opinion, do not mean to approve or disapprove the opinion in the Forgey case. Nor do we approve or disapprove the quotation taken from the Iowa case. We are distinguishing the pleading in the Forgey case from the pleading in this one. Under our statute quoted supra, a telephone company is liable in tort in a case where its negligence is the proximate cause of damage.

We rule that under the facts pleaded in plaintiffs' petition, the question of proximate cause is a jury question and that plaintiffs should be given the opportunity to present their case to a jury.

The order of the trial court dismissing plaintiffs' petition is hereby reversed and the case remanded for trial.

It is so ordered.

All concur.