79  33<br>84  328

WESTERN UNION TELEGRAPH COMPANY v. HOGUE.

Opinion delivered May. 7, 1906.

1. TELEGRAPH COMPANY—NEGLIGENCE—NOTICE OF SPECIAL DAMAGES.— Kirby's Digest, § 7947, providing that telegraph companies "shall be liable in damages for mental anguish or suffering, even in the absence of bodily injury or pecuniary loss, for negligence in receiving, transmitting or delivering messages," does not change the rule that when a plaintiff seeks to recover of a defendant special damages on account of a breach of a contract he must show that at the time defendant entered into the contract he had notice of the special circumstances out of which the special damages might arise. (Page 36.)

2 SAME—FORM OF ACTION.—The rule that a telegraph company is liable for special damages for its negligence in receiving, transmitting or delivering a message only when at the time it undertook to transmit and deliver the message it had notice of the special circumstances out of which the special damages might arise is applicable whether the action to recover such damages is in form *ex contractu* or *ex delicto,* since in either case the cause of action is based upon a contract. (Page 37.)

3. SAME—NOTICE OF SPECIAL DAMAGES.—A telegram from one to his fiancee, apprising her that he would arrive on the evening train, was not sufficient to put the telegraph company on notice that he had been sick, and had written her that he would notify her by telegram on the day set for their marriage whether he could be present or not, and that the failure to deliver the message would cause her annoyance and mental anguish. (Page 37.)

Appeal from Chicot Circuit Court; *Zachariah T. Wood,* Judge; reversed.

STATEMENT BY THE COURT.

Mr. A. E. Hogue, of Lake Village, Arkansas, and Miss Bama Glosup were engaged to be married, and Sunday August 7, 1904, was the day on which the marriage was to take place. A week or two previous to that date he was taken sick with fever. On the 6th of August he sent the following letter to her:

"Lake Village, Ark. 8-6-04.
"Miss Bama Glosup,
"Wilmar, Ark.

"In answer to your letter last night, will say that I will be there Sunday if I am able to come. I will wire you if I come, or if I don't. But you write the liveryman, and tell him to save me the best team he has, and you can call at the office or send, for fear they won't deliver it. Look for me or a telegram.

"Yours as ever,
" A. E. Hogue."

On the morning of the 7th at 9:20 o'clock Hogue delivered the following message to the operator of defendant at Lake Village:

"Miss Bama Glosup,
"Wilmar, Ark.
"I will be there on the evening train.

"A. E. Hogue."

Hogue paid the charges for its transmission, but the message was never delivered at Wilmar. Hogue arrived at Wilmar on the train at 5 o'clock p. m., and was met at the train by Miss Glosup. They were married the same evening.

They afterwards brought this action to recover damages from the company for failure to deliver the telegram. They alleged that they suffered $1.25 pecuniary loss, by reason of the failure to deliver the telegram, and that plaintiff Mrs. Bama Hogue, on account of the failure to receive the telegram, suffered great mental anguish under the belief that some misfortune had overtaken said A. E. Hogue, and that she suffered humiliation in other ways. They therefore asked judgment for the sum of $1.25 pecuniary damages and $1,000 for mental anguish and suffering.

The defendant answered and denied liability. On the trial the jury returned a verdict for $1,75 actual pecuniary loss and for $500 damages for pain and suffering.

Defendant appealed.

*George H. Fearons* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1. There was nothing in the telegram to indicate that any special damage would result from delay in its delivery—nothing in its language to give notice of such special damages. Damages recoverable in such cases are only those which are incidental to and directly caused by the breach of contract, and may reasonably be presumed to have entered into the contemplation of the parties. 53 Ark. 443; 68 Miss. 307; 54 N. E. 776; 46 N. E. 358. No damages can be recovered for mental suffering unless it is shown that at the time the contract for transmission of the message was made the company had notice that a failure to comply with the contract on its part would cause mental suffering to the party complaining. Authorities *supra,* and 30 S. W. 298; 30 S. W. 896; Croswell on Elec. § § 566, 649 *et seq.;* Joyce on Elec. § 799 *et seq.;* Thompson on Elec. § 311 *et seq.* See also 50 S. E. 6; *Ib.* 198; 51 S. E. 773.

2. There could be no recovery on the part of appellee, Bama, because the failure to deliver the telegram augmented and increased her anxiety as to the health of A. E. It was a

mere continuance and aggravation of existing mental anguish; for which there can be on recovery. 67 S. W. 515; 59 S. W. 1127; 56 S. W. 568; *Ib.* 744; 44 S. W. 538; 12 S. W. 534; 41 S. E. 881; 42 S. W. 549.

3. The damages assessed are excessive, being for a greater amount than claimed in the complaint. 25 Ark. 41; 37 Ark. 599; 45 Ark. 386. Moreover, appellee arrived at Wilmar at the time he intended, appellee met him at the station as she would have done had she received the telegram, and they were married at the hour they expected to be. If there was any mortification in their being united in marriage by a justice of the peace, instead of the minister, that was the result of their own volition. They should have made a reasonable effort to secure the minister's services. 67 S. W. 849; 33 S. W. 728; 3 S. W. 496.; 36 So. 188; Joyce on Elec. 972; Gray on Com. Tel. § 100; 83 S. W. 949.

RIDDICK, J., (after stating the facts.) This is an appeal by the defendant telegraph company from a judgment rendered against it for failure to deliver a telegram. In the complaint plaintiffs asked for $1.25 as pecuniary loss and $1,000 damages for pain and mental anguish. The proof tended to show that by reason of the failure to deliver the telegram plaintiffs were compelled to hire a man to get them a conveyance, and that this expense, with the price paid for the telegram, amounted to $1.75. The jury found a verdict for this amount, and also for $500 for mental pain and suffering. The circuit court gave judgment for the amount of the verdict, but we are of the opinion that the evidence is not sufficient to sustain the judgment.

The excess of fifty cents in the verdict for pecuniary loss over the amount asked in the complaint was evidently a mere oversight, which would have been corrected by the circuit judge, had his attention been called to it, and the only matter that we need notice here is the judgment for damages for mental anguish and suffering. Such damages may, under our statute, be recovered in some cases, but the statute does not change the rule that when a plaintiff seeks to recover of a defendant special damages on account of the breach of a contract he must show that at the time the defendant entered into the contract he had notice of the special circumstances out of which the special damages arose, so that it may be reasonably said, as a matter of law, that

such special damages were in contemplation of the parties at the time they made the contract.

"While actions against telegraph companies are not necessarily or usually *ex contractu,* but *ex delicto* for a breach of a public duty, the cause of action is so far dependent upon the original contract of sending as to make the rule just stated controlling, and it has been universally applied in this class of actions without regard to whether the particular action is *ex contractu* or *ex delicto,*" or whether the damages claimed were for mental suffering or for actual pecuniary loss. 27 Am. & Eng. Enc. Law, 1059; *Western Union Telegraph Co.* v. *Short,* 53 Ark. 434; *Primrose* v. *Western Union Telegraph Co.,* 154 U. S. 1; *Hughes* v. *Western Union Telegraph Co.,* 79 Mo. App. 133; *Arial* v. *Western Union Tel. Co.,* 50 S. E. 6; *Western Union Tel. Co.* v. *Coffin,* 30 S. W. 896.

Now, the special circumstances in this case were that the sender, A. E. Hogue, and the party to whom the telegram was sent were engaged to be married. He had been sick, and had written to her that he would notify her by telegraph on the day set for the marriage whether he could be present at the appointed time or not. She had received the letter, and was expecting a telegram. The failure to receive it caused her annoyance and mental anguish for which the jury assessed damages. But the evidence does not show that the telegraph company or its agent had any notice of these special circumstances under which the telegram was sent, or that it ought reasonably to have known that a failure to deliver it would inflict such suffering upon the plaintiffs. The words of the telegram itself, "I will be there on the evening train," were in themselves not sufficient to give notice of these special circumstances, and the evidence does not show that any further notice was given. The facts in proof do not therefore make out a case sufficient to sustain a judgment for damages for mental suffering.

There are other points discussed, but we find it unnecessary to notice them. Unless plaintiffs see proper to enter a remittitur sufficient to cure the excess in the verdict, the judgment will be reversed and cause remanded for a new trial.