ARKANSAS MIDLAND RAILWAY COMPANY v. ROBINSON.

Opinion delivered June 27, 1910.

1.  CARRIERS—DUTY AS TO PLATFORMS.—It is the duty of a railway company to exercise ordinary care to keep its platform in a safe condition for the use of its passengers and others who have a right to go there. (Page 35.)

2.  SAME—NEGLIGENCE—EVIDENCE.—Where there was testimony tending to prove that plaintiff went upon defendant's depot platform for the purpose of taking passage upon the cars, and that her heel caught in a small hole in the platform steps, and she lost her balance and fell, and was injured, a finding that the defendant was negligent and that plaintiff was not negligent will be sustained. (Page 35.)

3.  APPEAL AND ERROR—HARMLESS ERROR.—It was not prejudicial error, in an action for injuries received by a passenger in falling from a defective platform at a railway station, to refuse to permit a witness for the railway company to testify whether the platform and steps where plaintiff was injured had proved reasonably safe for passengers going to and from the train if the witness was permitted to state that no one else had fallen from the platform during the time the witness had been station agent. (Page 36.)

4. Damages—personal injuries—mental suffering.—Where, in an action to recover damages for personal injuries, it appeared from the evidence that mental pain was inseparable from the physical suffering of the plaintiff, it was not error to instruct the jury in assessing the damages sustained by plaintiff to take into consideration the mental pain and anguish suffered by her. (Page 36.)

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; affirmed.

### STATEMENT BY THE COURT.

Lila E. Robinson brought suit against the Arkansas Midland Railway Company to recover damages on account of the alleged negligence of said railway company in failing to provide a safe platform for its passengers.

The railway company answered her complaint, and denied the alleged ground of negligence, and alleged contributory negligence on her part.

On the 26th day of August, 1909, Lila E. Robinson went to the depot of the Arkansas Midland Railway Company for the purpose of taking passage on one of its trains. The distance from the depot platform to the passenger coach, which she wished to enter, was such that she could not step from the platform to the coach with safety. The most practical route to the coach was by the steps on the side of the platform to the ground and from there to the train. As she placed her right foot on the first step in her descent from the platform, she began to stumble, and fell down the steps. She had a suit case in one hand and a box in the other. She did not remember what caused her to stumble and fall. The fall rendered her unconscious, and she remained in that condition for about 10 hours. She required the services of a physician for five or six days after she received the injury. She suffered severe pains, chiefly from her head and from her hips, and still continued to suffer pain after the physician had dismissed her case. Her foot was 9 inches long. The height of her shoe heel was 2¼ inches, and they were about 1¼ inches lengthwise. She was right up at the top step, where the platform and the top step join, when she began to fall. The top of the platform at that point is about 4½ feet from the ground. Its approach was by open steps, 8 in number. The top step extends back up under the end of the planks of the platform.

It is only about 8 inches out beyond the platform, and about 3 or 4 inches below it. Just before the top step is reached, there is a hole in the platform about 10½ inches long and about 1½ inches wide.

Wash. Harris, an old negro, who was near and saw the accident, described it as follows:

"Q. State her movement as well as you can, just before and about the time she fell. A. She had got to the step, and she placed her right foot on the first top step, and then right from that she began to fall, with a curious kind of twisting move, and I says, 'Man, that lady is going to get a fall!' Then by this time she had begun to fall, and by the time she hit the second or third step she made to catch with her left hand, and her suit case fell off. Q. Where was her left foot? A. Her left foot was coming, dragging along behind. Q. What was right there under her left foot at that place? A. There was a hole in the floor right there. Q. Her left foot was about that portion of the platform, where she began to fall? A. Yes, sir. Q. And then she put her right foot on the top step? A. Yes, sir. Q. Then she fell on to the concrete walk, did she? A. Yes, sir."

The case was tried before a jury, which returned a verdict in favor of the plaintiff for $2,000. From the judgment rendered the defendant has appealed to this court.

*W. E. Hemingway, E. B. Kinsworthy* and *Jas. H. Stevenson,* for appellant.

Where a platform is not obviously dangerous and has been in use for years and proved safe, it may be continued without the imputation of negligence. 2 Hutch. Car., § 933; 58 Ill App. 130. A railroad company is not liable for the accidental injury of a passenger. 107 N. C. 178; 11 S. E. 991; 2 Hutch. Car., § 933. Physical injury does not raise a presumption of mental suffering. 125 Mass. 90; 28 Am. R. 93. The mental suffering must be caused by the injury, and the consequence of defendant's negligence. 89 Ark. 58; 65 Ark. 177.

*H. A. Parker,* for appellee.

HART, J., (after stating the facts). 1. It is insisted by counsel for appellant that the evidence is not sufficient to support the verdict.

"As a general rule, railroad companies are bound to keep in safe condition all portions of their platforms and approaches thereto, to which the public do, or would naturally resort, and all portions of their station grounds reasonably near to the platform, where passengers, or those who have purchased tickets with a view to take passage on the cars, or to debark from them, would naturally or ordinarily be likely to go; and especially by those routes and methods which the company have established by its own customs and practice, as here. This is well established." *Texas & St. Louis Railway* v. *Orr,* 46 Ark. 182, and cases cited at p. 195. Hence it will be seen that it is the duty of the railway company to exercise ordinary care to keep its platform in a safe condition for the use of its passengers and others who have a right to go there.

Tested by this rule, it cannot be said, as a matter of law, under the facts and circumstances adduced in evidence in this case, that the appellant company was not guilty of negligence, or that appellee was guilty of contributory negligence.

Appellee was on appellant's depot platform for the purpose of going to one of its trains, which carried passengers, and of taking passage thereon. It is undisputed that there was a hole in the platform at the place where she began to fall. The negro, Wash. Harris, says that he was looking at her as she walked along. That, as she placed her right foot on the top step, she began to fall "with a curious kind of twisting move." That at the time her left foot was on the platform, and that there was a hole in the platform there. Other evidence shows that the hole was sufficiently large for the heel of her shoe to have become caught, or to have turned in it. That her foot was 9 inches long, and that the top step extended only eight inches out beyond the platform and was only 3½ or 4 inches below it. Under these facts and circumstances, reasonable men might have inferred that her left heel became fastened in the hole in the platform or that stepping in the hole caused her foot to turn as she was in the act of stepping off of the platform; that the movement of her body, being forward and downward, when her foot got caught, turned, or caused the "curious twisting" movement described by Harris, and that the swaying of her body caused her to lose her balance and to fall headlong to the bottom of the steps.

It is true that she states that she does not remember what caused her to fall, but she also states that she was fairly active, and that she was not subject to fainting spells. When we remember that the force of the fall was so great that she fell headlong to the bottom of the steps, it is not unreasonable that the jury might have found that the injury was received in the way we have described; and that the fact that it happened so quickly and unexpectedly and that appellee was unconscious for ten hours afterwards may have prevented her from remembering that her foot was caught.

The jury was also warranted in finding that appellee was not guilty of contributory negligence; for the hole was not so large that she in the exercise of ordinary care must have seen it while walking along the platform.

2. It is next contended by counsel for appellant that the court erred in refusing to permit the witness Lusk, who was the station agent, to answer the following question:

"Has this platform and steps proved reasonably safe for passengers coming to and from the train?"

The ruling of the court resulted in no prejudice to appellant, conceding that the witness would have answered in the affirmative, and that the answer would have been competent evidence. The court immediately permitted the witness to state that no one else had fallen from the platform at that point during the time he had been station agent. This was practically an answer, in another form, to the question, and had as much probative force as would have resulted from an affirmative answer to the question objected to.

3. It is also contended that the court erred because it told the jury in assessing the damages sustained by appellee to take into consideration the mental pain and anguish suffered by her. Under the facts and circumstances adduced in evidence, the mental pain was inseparable from the physical suffering of appellee. This question was determined adversely to the contention of appellant in the case of *Arkansas Southwestern R. Co. v. Wingfield,* 94 Ark. 75.

No other assignments of error are urged for reversal, and the judgment will be affirmed.