ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

v. GROCE.

Opinion delivered June 19, 1911.

CARRIERS—FAILURE TO HOLD TRAIN FOR PASSENGER—DAMAGES.—Where a train pulled out from a station while plaintiff, a passenger, was attempting to load his baggage into the baggage car, and separated plaintiff from his wife and children, and occasioned a delay of two hours in reaching his destination, but there was no proof of any injury on account of such delay, plaintiff is not entitled to recover damages for mental anguish in being separated from his family, but is entitled merely to nominal damages and the costs of the action.                •

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Chancellor; reversed.

*W. E. Hemingway* and *Lovick P. Miles,* for appellant.

1. The court should have directed a verdict for appellant. Appellee suffered no physical injury, and his separation from his family was caused by his volunteering to do what he was under no obligation to perform. 89 Ark. 187; 84 Ark. 42.

2.   The court erred in refusing to give instruction No. 3, requested by appellant, to the effect that plaintiff could not recover any amount for compensation for mental pain, anxiety and suspense by reason of any default shown in this case.   67 Ark. 123; 69 Ark. 403; 84 Ark. 42.

3.   The testimony is undisputed that the train which appellee sought to board was unavoidably delayed beyond the time he expected to reach his destination.   He is not entitled to recover for the loss of time, inconvenience, etc., he would have sustained, had he boarded this train, and the court erred in refusing so to instruct the jury.   50 Ark. 549; 59 Ark. 134; 69 Ark. 632.

*Jo Johnson,* for appellee.

McCULLOCH, C. J.   The plaintiff, E. W. Groce, resided in the State of Oklahoma, and, for the purpose of removing to Arkansas, he prepared to board one of the defendant's trains at Greenwood Junction, a station about five miles from the city of Fort Smith.   He had his wife and six children with him, and intended to take passage for Russellville, Arkansas, his future home.   It seems that the Railway Company maintains an office at Greenwood Junction for some business purposes, but tickets are not sold there, and no accommodations are provided for passengers.   The train which plaintiff intended to take passage on reached Greenwood Junction at 2:15 P. M., and was scheduled to reach Russellville late in the afternoon.   When the train reached Greenwood Junction and stopped, plaintiff put his family aboard except one of his sons, and while he and the boy were attempting to load his baggage into the baggage car the train pulled out and left him.   He took passage on another train later in the afternoon, and, on reaching Fort Smith, found his wife and children there awaiting him.   He instituted this action to recover damages on account of the conduct of the trainmen in starting the train before he could load his baggage and embark, and he lays his damages in the sum of $2,000 on account of failure of defendant to furnish assistance in loading the baggage, and the delay in reaching Russellville, and the mental anguish sustained by reason of separation from his wife and children.   On a trial of the cause the jury awarded damages in the sum of $225, and the defendant appealed.

There is no proof that plaintiff sustained any damage on

account of defendant's failure to furnish assistance in loading the baggage, nor on account of delay in reaching Russellville. The undisputed testimony shows that on account of a washout at Mulberry, Arkansas, plaintiff could not have reached Russellville until 1:35 the next morning if he had taken passage on that train, whereas he reached Russellville at 3:30 on the next train. Plaintiff testified he had expected to reach Russellville in the afternoon, and had arranged for teams to carry them to the country, but that on account of the delay the teams went back to the country, and he was compelled to walk out after them the next day. But, as already stated, the train he wanted to take did not, according to the undisputed evidence, reach Russellville until 1:35 A. M., and there is no proof of any injury on account of the delay for about two hours.

The only other element of damages claimed is the mental anguish on account of the plaintiff's separation from his family, and it is clear that, under the decisions of this court on the subject, this is not an independent element of recoverable damage. *St. Louis, I. M. & S. Ry. Co.* v. *Taylor,* 84 Ark. 42; *Chicago, R. I. & P. Ry. Co.* v. *Moss,* 89 Ark. 187; *Chicago, R. I. & P. Ry. Co.* v. *Whitten,* 90 Ark. 462.

The Railway Company violated its duty to plaintiff in failing to give him an opportunity to board the train, but he suffered no actual injury except the alleged mental anguish, and is entitled only to recover nominal damages and costs of the action. *Crutcher* v. *Choctaw, O. & G. Rd. Co.,* 74 Ark. 358. The judgment will therefore be reversed and judgment entered here in plaintiff's favor for costs in the lower court. It is so ordered.