SOUTHERN TELEPHONE COMPANY *v.* KING.

Opinion delivered April 8, 1912.

1. TELEPHONE COMPANIES—DAMAGES.—A telephone company is not liable for special damages for failure to furnish connection to a patron if it had no notice of the circumstances out of which the damages might arise. (Page 163.)

2. SAME—MENTAL ANGUISH.—Mental suffering, unaccompanied by physical injury or any other element of recoverable damages, can not be made the subject of an independent action for damages against a telephone company, as the statute (Kirby's Digest, section 7949) making telegraph companies liable for such damages does not cover telephone companies. (Page 164.)

3. SAME—PUNITIVE DAMAGES.—Negligence, however gross, is not sufficient to justify an award of damages by way of punishment, in the absence of any element of intentional wrong or wilfulness or conscious indifference to consequences from which malice may be inferred. (Page 165.)

Appeal from Drew Circuit Court; *Henry W. Wells*, Judge; reversed.

*Williamson & Williamson,* for appellant.

1. Punitive damages are not recoverable in an action *ex contractu,* but only actual damages caused by the breach of the contract. Actual damage is the measure whether the breach occurred from negligent failure or wilful refusal to perform the contract. ' 79 Ark. 36; 90 *Id.* 467; 13 Cyc. 113 F, and notes 98-99; 28 Am. St. Rep. note p. 874 *et seq.*; Anson on Contracts, 311.

2. Mental pain and anguish are not elements of damage. unless accompanied by physical injury. 84 Ark. 42; 64 *Id,* 538; 94 *Id.* 489; 89 *Id.* 188; 138 S. W. 879; 67 Ark. 123; 69 *Id.* 402; 70 *Id.* 136; 65 *Id.* 182; 16 Mich. 180. No recovery can be had, certainly for pain and anguish on account of wife and child. 16 Mich. 180; 140 Ala. 276; 120 Ky. 231; 70 L. R. A 289; 37 Cyc. 1781-4; 13 *Id.* 196-7; 79 Ark. 36; 84 *Id.* 47.

3. Remote or speculative mental anguish is never recoverable. The anguish must be connected with the bodily injury. Anguish for the safety or peril of others can not be considered. 5 A. & E. Ann. Cases 578; *Id.* notes pp. 579, 581; 13 Cyc. 40, 41; 90 Ark. 462; 89 *Id.* 187. Kirby's Dig., § 7947, does not apply to telephone companies. 37 Cyc. 1609, 1610, and note 49, 1702-A, 1608; Castle's Supp. Dig., § 6929-k, 6929-l; 62 Wis. 32, 35; 77 Ark. 114; 93 *Id.* 419; 37 Cyc. 165Z.

4. Statutes which impose burdens and liabilities unknown at common law are construed strictly in favor of those upon whom the burdens are imposed. 59 Ark. 344, 356; 71 *Id.* 556, 561; 56 *Id.* 224; 37 Cyc. 10703-B; 82 Ark. 247 and 251.

5. To recover more than nominal damages, actual damages must be shown. The damages must be the direct, proximate, natural and probable result of the negligence. 95 Ark. 598; 13 Cyc. 25-35 *et seq.*; 5 A. & E. Ann. Cases, 578, note; 37 Cyc. 1750-B; 34 Ark. 184; 69 *Id.* 402; 76 *Id.* 434; *Ib.* 521.

6. No notice was shown as a basis for special damages. 79 Ark. 33; 78 *Id.* 545.

7. Telephone companies have a right to make reasonable rules as to office hours, service of patrons, etc. 37 Cyc. 1619.

Improper and prejudicial evidence was admitted. 100 Ark. 526; 74 Ark. 32.

8. A private citizen can not base an action on a breach

of a *franchise* duty to the city. Anson on Const. 212; 9 Cyc. 372-40, note 88; 9 Cyc. 702.

*P. Henry*, for appellee.

1.   Punitive damages may be allowed where the evidence shows such wilfulness, wantonness or conscious indifference to consequences from which malice may be inferred, and where the jury are properly instructed, as in this case, this court will not disturb a verdict finding negligence amounting to a tort and assessing such punitive damages.   90 Ark. 462; 80 *Id.* 158; 84 *Id.* 241.

2.   There was physical injury in this case, and damages for mental pain and anguish were properly awarded.   84 Ark. 42; 97 *Id.* 507; 128 S. W. 879; 88 Ark. 282.   Section 9747, Kirby's Digest, is broad enough to include telephone companies. 27 Am. & Eng. Enc. Law, 1002; 76 Minn. 334; 94 Ark. 533.

3.   The actual damages are not excessive, and the negligence of the company was the proximate cause of the injury. 69 Ark. 189.

4.   In this cause there was privity, and plaintiff could sue for breach of the franchise.

McCULLOCH, C. J.   Appellee instituted this action below against appellant (a corporation operating a telephone system in the town of Monticello and vicinity) to recover damages alleged to have been sustained by reason of negligence in failing to furnish telephone service.   He alleged in his complaint the following state of facts, which the testimony established, viewed in its most favorable light:   Appellee resided at Monticello, and was one of appellant's subscribers, having a telephone in his residence; his wife and son were both sick, and he was convalescent; about 3 o'clock in the morning his son grew worse, and needed immediate attention of a physician, and he attempted to call by telephone Dr. Kimbro, his family physician, who lived in another part of town; he got connection with Dr. Kimbro's residence, but the latter's wife informed him that the doctor had gone to the country to make a call and could be reached by telephoning him at the agricultural school; he then endeavored for a considerable time to get connection with the agricultural school, but could not get a response to his call for the telephone central office.   He walked up town, and tried to call

from a telephone at a livery barn, and again failed to get a response from central. He went to the central office, and, finding it closed, knocked at the door. The operator answered, and, after giving his name, appellee told the operator that he had a sick child, and wanted to telephone the doctor, and the latter replied: "We are closed until 6 o'clock. I am sorry; but can't do anything for you until 6 o'clock." He returned home and again telephoned Dr. Kimbro's residence and finally secured the latter's attendance about 8 o'clock, after he returned from the country. The evidence tends to show that a telephone message to the agricultural school would have been sent over by special messenger to Dr. Kimbro at the residence of his patron in the neighborhood. Appellee alleged in his complaint that "by reason of the excitement, exposure and effort in coming to the office of defendant, his recovery was retarded, and that he was prevented for the period of one week from resuming his work, during which time he suffered physical pain," and he claimed damages in the sum of $25 for loss of a week's time, $25 for physical pain, and $15 for costs of additional medical attention. He alleged that he suffered great mental pain and anguish by reason of his inability to procure medical aid for his child, and claimed damages therefor in the sum of $250. He also prayed for punitive damages in the sum of a thousand dollars. The jury returned a verdict for appellee, and assessed damages as follows: "For actual damages, as alleged, $50; for mental pain and anguish on account of himself, wife and child, as alleged, $100; for punitive or exemplary damages, as alleged, $200."

We are of the opinion that the testimony does not warrant a recovery of more than nominal damages. Even if the negligence of the operator in failing to respond to appellee's call could be said to have been the proximate cause of his injury, resulting from exertion and exposure in walking up town to the central office, appellant is not liable, for the reason that it had no notice of the special circumstances out of which the damages might arise. *Western Union Telegraph Co.* v. *Raines*, 78 Ark. 545; *Western Union Telegraph Co.* v. *Hogue*, 79 Ark. 33. It is not claimed that the operator was informed until appellee reached the central office that he desired to get connection with the agricultural school for the purpose of communicating with

his physician.    Whatever physical injury appellee sustained
by reason of his trip up town had then accrued, and notice to
the operator at that time would not render appellant liable
for the damages already sustained.    *Crutcher* v. *Choctaw,
O. & G. Rd. Co.,* 74 Ark. 358.    No damages resulted from any
act or omission of the operator after appellant notified her of
his desire to communicate with the physician, except the mental
pain and anguish which he suffered by reason of his inability
to secure the attendance of his physician.    This court has
steadily adhered to the rule that "mental suffering alone,
unaccompanied by physical injury or any other element of
recoverable damages, can not be made the subject of an inde-
pendent action for damages,    *    *    *    and that such suffering
does not, of itself, constitute a cause of action."    *Peay* v. *Wes-
tern Union Telegraph Co.,* 64 Ark. 538; *St. Louis, I. M. & S. Ry.
Co.* v. *Taylor,* 84 Ark. 42; *Chicago R. I. & P. Ry. Co.* v. *Moss,* 89
Ark. 188; *Chicago, R. I. & P. Ry. Co.* v. *Whitten,* 90 Ark. 462;
*St. Louis, I. M. & S. Ry. Co.* v. *Groce,* 99 Ark. 420. After the
decision of this court in the Peay case, the Legislature changed
the rule as to telegraph companies negligently failing to receive,
transmit or deliver telegraphic messages (Kirby's Digest,
§ 7947); but the statute only applies to companies doing
a telegraph business, and not to telephones.    While the
telephone occupies to some extent the same field as the
telegraph, and it is in some respects an improvement on
the latter method of long-distance communication, still the
former does not fall within the definition laid down by the law-
makers in providing that telegraph companies shall be liable
for mental anguish.    There are authorities which hold that,
in the construction of statutes, the word "telegraph" embraces
"telephone," and that statutes concerning telegraph companies
include telephone companies as well.    *Northwestern Tele-
phone Exchange Co.* v. *Chicago, etc., R. Co.,* 76 Minn. 334.
But the method of carrying on the business of telephoning is
dissimilar in many respects from the telegraph business,
particularly in the method of transmission.    Jones on Tele-
graph and Telephone Companies, § 3 *et seq.*    The statute
declares that telegraph companies shall be liable for mental
anguish or suffering on account of negligence "in receiving,
transmitting or delivering messages."    Now, by a very strained

construction of that language, it may be reasoned that a telephone company, in its method of furnishing an apparatus for transmitting sound, "receives, transmits and delivers messages;" but that construction is decidedly strained, for it is evident that, if the lawmakers had had in mind a telephone company, with its methods of doing business, they would have used altogether different language. A telephone company does not receive a message, nor does it transmit and deliver it in the ordinary acceptation of those words. It merely furnishes to the patron facilities for carrying on a conversation at long distance. The choice of phraseology shows very plainly that, while it is possible to give the other construction to the language, the Legislature would have chosen more appropriate words if that construction had been intended. It is not the business of the courts to legislate; and if a change in the law in this respect is desired, the General Assembly is the branch of government whence the change must come.

The facts of the case do not disclose any element of exemplary damages. At most, only negligence is proved, and that, however gross, is not sufficient to justify an award of damages by way of punishment, without any element of intentional wrong or wilfulness or conscious indifference to consequences, from which malice may be inferred. *St. Louis, I. M. & S. Ry. Co.* v. *Dysart*, 89 Ark. 261.

The judgment is reversed, and judgment will be entered here in appellee's favor for nominal damages and costs in the lower court.