SOUTHWESTERN BELL TELEPHONE *v.* CARTER.

Opinion delivered March 3, 1930.

210

*Schoonover & Schoonover* and *Edward B. Downie,* for appellants.

*George M. Booth* and *Walter L. Pope,* for appellee.

McHANEY, J. This action was instituted by appellee against appellants to recover special damages which he alleged he sustained by failure of appellants to complete a long distance telephone call placed by him at Pocahontas, Arkansas, for Mr. Reed of the Reed Harlin Grocery Company, West Plains, Missouri, by which he intended to cancel a contract for the sale of flour theretofore made. The facts, briefly stated, are as follows: appellee, a resident of Pocahontas, is engaged in the brokerage business, buying and selling flour and feed, and does a considerable portion of his business by telephone, through the exchange at Pocahontas owned by appellant, Southwest Telephone Company. The other appellant owns the toll lines over which the call in question would have been handled. Appellee is acquainted with the employees of appellants, and has discussed with them the nature of his business, and told them to place his calls promptly, or let him know, so that he might use the telegraph, else it was likely to cost him money. On September 18 or 19, 1928, he called Mr. Reed, and sold him 1,050 barrels of flour at $5.25 per barrel, provided he did not notify him to the contrary. He then called the mill from which he purchased flour, and was advised that flour had advanced. The call in controversy was then placed for Mr. Reed to advise him that he could not deliver at the price quoted, but failed to get him, and he was compelled to complete his contract at a loss of 35 cents per barrel on the flour. Appellee gave no

notice to appellants, or either of them, as to the nature of his call, its purpose, or that he would suffer special damages if it was not promptly completed. He waited nearly all day or until about 5 P. M., before making complaint about delay, and was advised they had no record of the call.

At the conclusion of the testimony appellants requested a directed verdict which was refused. The case was tried to a jury, resulting in a verdict and judgment for appellee for $150.

It has long been the rule in this State that special damages are not recoverable for breach of contract, in the absence of notice to the party in default that more than ordinary damages will be sustained in the event of failure to perform, nor unless such knowledge "be brought home to the party sought to be charged under such circumstances that he must know that the party he contracts with reasonably believes that he accepts the contract with the special condition attached to it." This rule harks back to the old case of *Hadley* v. *Baxendale,* 9 Exch. 341, discussed by Judge RIDDICK, speaking for the court, in *Hooks Smelting Co.* v. *Planters' Compress Co.,* 72 Ark. 275, where it is said: "Now, where the damages arise from special circumstances, and are so large as to be out of proportion to the consideration agreed to be paid for the services to be rendered under the contract, it raises a doubt at once as to whether the party would have assented to such a liability, had it been called to his attention at the making of the contract, unless the consideration to be paid was also raised so as to correspond in some respect to the liability assumed. To make him liable for the special damages in such a case, there must not only be knowledge of the special circumstances, but such knowledge 'must be brought home to the party sought to be charged under such circumstances that he must know that the person he contracts with reasonably believes that he accepts the contract with the special condition attached to it.' In other

words, where there is no express contract to pay such special damages, the facts and circumstances in proof must be such as to make it reasonable for the judge or jury trying the case to believe that the party at the time of the contract tacitly consented to be bound to more than ordinary damages in case of default on his part.''

The same rule has been applied to telephone companies, *Southern Tel. Co. v. King,* 103 Ark. 160, 146 S. W. 489, 39 L. R. A. (N. S.) 402, Ann. Cas. 1914 B, 780, where it was said: ''We are of the opinion that the testimony does not warrant a recovery of more than nominal damages. Even if the negligence of the operator in failing to respond to appellee's call could be said to have been the proximate cause of his injury, resulting from exertion and exposure in walking uptown to the central office, appellant is not liable, for the reason that it had no notice of the special circumstances out of which the damages might arise.'' And to telegraph companies, *Western Union Tel. Co. v. Raines,* 78 Ark. 545, 94 S. W. 700; *Western Union Tel. Co. v. Hogue,* 79 Ark. 33, 94 S. W. 924. This court, in *Southern Telephone Co. v. King, supra,* recognized a distinction in the business done by a telephone company from that done by a telegraph company when it was said: ''A telephone company does not receive a message, nor does it transmit and deliver it in the ordinary acceptation of those words. It merely furnishes to the patron facilities for carrying on a conversation at long distance.'' This is a correct statement of the fundamental difference in their respective business. A telegraph company receives, transmits and delivers messages, while a telephone company furnishes the ''facilities'' for conversation at a distance. Knowledge of the contents of the message is brought home to the telegraph company from the written message itself, unless it be in code, which is sometimes held to suggest its importance; whereas, the only knowledge brought home to a telephone company is that one person desires to converse with another per-

son, unless notice is given of the nature and importance of the conversation desired, and that injury will be sustained from a failure to furnish the facilities. Here the undisputed proof is that no such notice was given. A number of telegraph cases were called to our attention in oral argument by counsel for appellee which sustained recoveries for special damages, but all of them gave notice of their special importance on the face of the messages from which notice of special damages might be inferred. We do not feel constrained to follow such cases under the facts in this case.

It necessarily follows from what we have said that only nominal damages were recoverable, and the court should have so instructed the jury. Judgment reversed for a new trial.