ARKANSAS RURAL REHABILITATION CORPORATION *v.* LONGINO.

4-4344

Opinion delivered June 29, 1936.

*Floyd Sharp, T. E. Donham* and *Leon B. Catlett,* for appellant.

*Ned A. Stewart,* for appellee.

BUTLER, J. Action for damages for breach of lease contract and appeal from judgment in favor of appellee, plaintiff below. The contract was entered into on October 9, 1934, and designated, "Lease of Real Estate for Small Grains." By its terms, the appellee leased 120 acres of land to the appellant corporation for a period of time beginning with the date of the lease and terminating when the crop was harvested, the consideration therefor being one-fifth of the crop payable to the lessor. On October 12, following, the appellant sought a cancellation of the contract, which was refused, the reason given by the appellee being that he had discharged his tenants and sold his mules and farming equipment.

On April 20, 1935, the appellant planted to oats approximately thirty-five acres of the land leased, but did not attempt to cultivate any of the remainder of the land in small grain or any other character of crop. The land not cultivated grew up in brush and weeds. Some years before the lease contract was made the 120 acres of land had been set to pecans, twelve trees to the acre. From time to time a number of these had died and had been replaced by others.

In the action damages were laid in a sum equal to one-fifth of the oat crop on the entire 120 acres, for damages to the land by reason of failure to cultivate it and thereby keep down weeds and shrubs, and for further damage for the destruction of a certain number of pecan trees occurring during appellant's tenancy. The court, sitting as a jury, found for the plaintiff (appellee) in the sums of $516.60 for rent, $126.30 for damage to lands, $623.25 for loss of trees, and $91.50 for injury to trees, in the total sum of $1,357.65. The facts, as found by the court, briefly stated, are that there were 114.8 acres of tillable land in the tract which, if properly cultivated, would have yielded 5,166 bushels of oats which, at the time of harvesting, were worth fifty cents a bushel; that,

under the lease, appellee was entitled to one-fifth of the amount which would have been realized. In addition to this the court found that owing to appellant's negligence and its breach of contract, a certain number of pecan trees were destroyed, valued at $2.25 each, a certain other number were partially destroyed to the extent of seventy-five cents each, and that 84.2 acres had grown up in bushes by reason of appellant's failure to cultivate the land to appellee's damage in the sum of $1.50 per acre. The court declared the law to be that, under the lease, the appellant was required to follow the usual and customary methods prevailing in the cultivation of land for small grain, that oats was the grain contemplated to be planted, and that in failing to cultivate the land appellant was liable for all damage sustained by reason of failure to comply with the contract, including damages to the property itself, the rent of the land, and the damage to growing trees thereon.

The appellant contends that the judgment of the trial court is contrary to the evidence: first, as to the yield of appellee's land per acre if planted to oats, and, second, as to the damage sustained by reason of appellant's failure to cultivate the same. The judgment of the court below on these questions is conclusive if there is any substantial evidence in the record to support it. The same rule obtains where the court sits as a jury as where the jury itself renders the verdict. This rule is so well established and has been stated so many times by this court that the citation of authorities is superfluous. We therefore examine the testimony, giving to it its strongest probative value in order to support the finding of the lower court, if that be possible. Thus considered, it may be briefly stated as follows: It was understood that the purpose in mind of the parties to the lease was that the lands in question should be planted to oats. The lease was entered into early in October, 1934, but no part of the land was put to oats until April 20, 1935. The land was fertile and well drained. Land in the immediate vicinity and of the same character, and not as well drained, produced on an average, forty-five bushels of oats per acre. Only thirty-five acres of the land leased

was broken and planted to oats by the appellant, and the remainder, because it was not put in cultivation, grew up in grass and shrubs which must be removed before the land can again be cultivated. This will cost between two and three dollars an acre. This evidence was of a substantial nature and supports the finding of the trial court, although there was substantial evidence in contradiction.

The trial court was the judge of the credibility of the witnesses and the weight to be accorded their testimony. His judgment on these matters, like that of the jury, is binding upon us. As appellant's brief presents no exception that the trial court was in error in its declaration as to the law controlling on the above questions, the contentions for reversal being based solely on the insufficiency of the evidence, the judgment must be affirmed as to these items.

The trial court found in favor of the appellee for the destruction of a number of pecan trees and for damages for injury to others, amounting to the sum of $623.25 and $91.50, a total of $714.75. As to these items, it is contended there is no evidence sufficient to fix liability on the appellant. To this contention we agree. It is true, there was testimony to the effect that some of the trees had been killed and others injured during the winter of 1934-35 by rabbits which found shelter in the weeds and bushes allowed to grow and remain on the land, and that if the land had been put in cultivation the rabbits would not have invaded the pecan grove and inflicted the damage. This testimony was given by one who was engaged in the servicing, budding and grafting of pecan trees, as part of his occupation, and claimed to have had ten years' experience in this business. If we give full effect to this evidence, still no liability attaches to the appellant for the reason that the damages claimed are special in their nature, and would not naturally flow from breach of a contract of leased land for the purpose of cultivation in small grains. There is no evidence to the effect that appellant was apprised of the predatory habits of rabbits with respect to pecan trees, and that a failure to break

the land in the fall or early winter would cause the orchard to become infested with these animals.

The law is well settled as to the character and quantum of evidence necessary to support special damages awarded for breach of contract. The rule is stated in *Southwestern Bell Telephone Co.* v. *Carter,* 181 Ark. 209, 25 S. W. (2d) 448, cited by the appellant, as follows: ''To make him liable for the special damages in such a case, there must not only be knowledge of the special circumstances, but such knowledge 'must be brought home to the party sought to be charged under such circumstances that he must know that the person he contracts with reasonably believes that he accepts the contract with the special condition attached to it.' In other words, where there is no express contract to pay such special damages, the facts and circumstances in proof must be such as to make it reasonable for the judge or jury trying the case to believe that the party at the time of the contract tacitly consented to be bound to more than ordinary damages in case of default on his part.''

The judgment of the trial court will, therefore, be modified so as to eliminate the special damages allowed for destruction and injury to the pecan trees, and, as modified, it is affirmed.