## MISSOURI PAC. TRANSP. CO. v. O'NEAL et al.

### No. 11441.

Circuit Court of Appeals, Eighth Circuit.

July 19, 1939.

Rehearing Denied Aug. 30, 1939.

against appellant, one by Mrs. Charles O'Neal and the other by her husband, Charles O'Neal. The actions were consolidated and tried before the court and a jury, resulting in separate verdicts, one in favor of Mrs. Charles O'Neal for $5,000, and the other in favor of Mr. Charles O'Neal for $1,500. It will be convenient to refer to the parties as they appeared below.

Mrs. O'Neal sought damages for personal injuries suffered by her while she was a passenger on a bus operated by the defendant as a common carrier, while Mr. O'Neal sought damages for the same injuries received by his wife, on account of expenditures for medical and hospital services and for loss of her services and society, she being his wife. It was alleged in Mrs. O'Neal's complaint that the defendant was at all times in the complaint mentioned a common carrier of passengers by motor vehicle; that on or about the 18th of June, 1937, she became a passenger, having purchased a ticket entitling her to transportation from Paragould, Arkansas, to Memphis, Tennessee; that the bus on which she was being transported met with an accident while being operated on a gravel highway near Brookland, Arkansas, the bus having been driven off the traveled highway into a ditch; that the driver of the bus negligently operated it on the left or wrong side of the highway and into a ditch; that the vehicle was operated at a high, reckless, dangerous and illegal rate of speed and in an unsafe and negligent manner so that the driver lost control of it; that the speed at which the vehicle was being driven at the time of the accident was in excess of that limited by the speed law of the State of Arkansas.

The answer consisted of specific denials of all the material allegations of the complaint. No question is raised as to the sufficiency of the pleadings. Neither is there any issue as to the sufficiency of the evidence, as no motion for a directed verdict was interposed by the defendant. The errors relied upon refer solely to the instructions. They are substantially as follows: (1) the court erred in giving to the jury plaintiff's instruction No. 3, over objections of the defendant; (2) the court erred in giving to the jury plaintiff's instruction No. 6, over the objections of defendant, it being in conflict with instruction No. 2 requested by defendant, given

E. L. Westbrooke, Jr., of Jonesboro, Ark. (E. L. Westbrooke, of Jonesboro, Ark., on the brief), for appellant.

Horace Sloan, of Jonesboro, Ark. (James W. Wrape, of Memphis, Tenn., on the brief), for appellees.

Before GARDNER and THOMAS, Circuit Judges, and WYMAN, District Judge.

GARDNER, Circuit Judge.

This appeal is from a judgment entered in two personal injury actions brought

by the court and to which no objection was made by plaintiff; (3) the court erred in giving to the jury plaintiff's instruction No. 9, over objection of defendant.

■ Instruction No. 3, which is charged to be erroneous, reads as follows: "If you find from a preponderance of the evidence that the defendant drove the bus on the highway at a speed greater than was reasonable and prudent under the conditions then existing consistent with using the highest degree of care for the safety of the passengers in the said bus, and that such excessive speed, if you find it was excessive, was the proximate cause of the accident and injury to the plaintiff, Mrs. O'Neal, then you should return a verdict for the plaintiffs, unless you should find that the plaintiff, Mrs. O'Neal, was guilty of some negligence contributing to the injury, if any."

In attacking this instruction, counsel urge that it was not warranted under the evidence and that it invited the jury to enter the realm of speculation with reference to the speed of the bus. We have examined the record and think there was substantial evidence from which the jury might reasonably have concluded that the bus was being driven at an excessive or dangerous rate of speed, in view of the condition of the highway. The statutes of Arkansas require that, "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing." Acts Ark.1937, p. 1121, § 51. Witnesses testified, apparently without objection, that the bus was being driven at an unusually fast rate of speed; that it was bouncing about on the highway; that it was being driven between 50 and 60 miles an hour; that it was being driven at such speed, or in such a manner, as to cause a number of the passengers to become extremely nervous and greatly frightened. True, there was evidence that the bus was being operated at a speed of from 25 to 35 miles an hour, but this simply raised an issue of fact, and we assume from the verdict that the jury believed that the bus was being driven at a higher rate of speed than was reasonable and prudent under the existing conditions.

■ It is settled by the decisions of the Supreme Court of Arkansas that a common carrier of passengers must exercise the highest degree of skill and care consistent with the practical operation of its vehicles. Missouri Pacific Transportation Co. v. Robinson, 191 Ark. 428, 86 S.W.2d 913; Arkansas Power & Light Co. v. Hughes, 189 Ark. 1015, 76 S.W.2d 53.

■ Complaint is made of Instruction No. 6 given at the request of plaintiff. This instruction reads as follows: "You are instructed that no accident is an unavoidable accident within the meaning of the law if it could have been prevented by the exercise of that degree of care upon the part of the defendant which, as heretofore defined, is owed by a common carrier to its passengers."

It is said that this instruction made the defendant an insurer of the passengers. We do not so construe the instruction and the court specifically advised the jury that the defendant was not an insurer of the passengers. It is also urged that the instruction is in conflict with Instruction No. 2 given at the request of the defendant. This instruction reads as follows:

"An unavoidable accident is an event from an unknown cause or an unusual or unexpected event from a known cause, chance or casualty.

"If you believe from the evidence that the defendant's bus was inspected by the utmost human skill, diligence and foresight for defects, and that on such inspection it was found to be in good running order, and was safe for the transportation of passengers and that the accident was caused by a latent defect in the operating mechanism of the bus, and without fault or carelessness of the driver and that the driver thereof was competent and careful as such, such accident was attributable to an unavoidable accident, for which defendant would not be liable, and if you so believe your verdict must be for the defendant."

We do not think there is any necessary inconsistency in the two instructions, and certainly, when all the instructions are read together, as they must be, the giving of this Instruction No. 6 could not possibly have been prejudicial to the defendant.

Instruction No. 9, to which exception is taken by the defendant, reads as follows: "If you find for the plaintiff, Mrs. Chas. O'Neal, then you are instructed that her measure of damages is such a sum of money as you may find from the evidence will reasonably compensate her for the physical pain and suffering and mental

anguish already suffered, if any, and proximately caused by the accident complained of, or that she will with reasonable certainty suffer therefrom in the future, if any."

Defendant objected to the giving of this instruction "because it is not the law of the case and is not the proper measure of damages in Mrs. O'Neal's case." It is now urged that it was improper because the complaint contained no allegation of mental anguish. This specific objection was not raised at the trial and is probably not here available to the defendant. It is observed, however, that plaintiff in her complaint charged that she was severely and permanently injured, necessitating her going to a hospital for surgical and medical treatment for a number of months; that since her release she has been unable to perform her ordinary household duties, or to take care of her children; that most of the time she is confined to her bed; that she has suffered and will continue to suffer excruciating pains because the accident resulted in bruises and contusions of the back and spine, and spinal processes, injuries to the nerves, fracture of the eleventh dorsal vertebra; fracture of the transversal process of the twelfth dorsal vertebra and bruises to the ligaments, muscles and tissues of the sacroiliac region of the back; that while in the hospital she had to lie on a frame with weights suspended from each foot, and that since her release it has been necessary continuously to wear a steel brace, and that her injuries and the treatment thereof have resulted in continuous pain, which will be permanent in nature; that she has become extremely nervous and irritable, unable to sleep normally, unable to perform her ordinary domestic duties about the house, unable to attend to her children and supervise their activities as any natural mother wants to do, and that these conditions will be permanent.

■ This is not an action in which the plaintiff seeks to recover for mental anguish, unaccompanied by actual physical injuries as in Southern Telephone Company v. King, 103 Ark. 160, 146 S.W. 489, 39 L.R.A.,N.S., 402, Ann.Cas.1914B, 780. There was a claim for punitive damages, but the court properly took this issue from the jury. In an action for personal injuries, plaintiff may recover for mental anguish and suffering without any specific averment on the subject, on the theory that the injuries are the natural and necessary result of defendant's negligence. Thus, allegations that the plaintiff has suffered great pain or great anguish and agony, are sufficient to cover any effect upon the mind that resulted from such injury to the body. St. Louis, I. M. & S. R. Co. v. Hartung, 95 Ark. 220, 128 S.W. 1025; Arkansas Midland R. Co. v. Robinson, 96 Ark. 32, 130 S.W. 536; Missouri Pacific R. Co. v. Hall, 186 Ark. 270, 53 S.W.2d 432; Lamden v. St. Louis S. W. R. Co., 115 Ark. 238, 170 S.W. 1001.

In St. Louis, I. M. & S. R. Co. v. Hartung, supra, it was urged that the court erred in instructing the jury that plaintiff might recover for mental pain and anguish as an element of damages. In the course of the opinion the court said [95 Ark. 220, 128 S.W. 1027]: "The evidence shows that the plaintiff, a delicate woman, was thrown with great force and violence across the end of the car and against the iron brakes and rails. * * * She suffered physical pain at the time, and has continued to suffer such pain for more than 1½ years after the injury. * * * Mental suffering is so intimately connected with physical suffering that mental pain and anguish was necessarily incident to her condition from the injury."

And in Arkansas Midland Railway Co. v. Robinson, supra, the court said [96 Ark. 32, 130 S.W. 538]: "Under the facts and circumstances adduced in evidence, the mental pain was inseparable from the physical suffering of appellee. This question was determined adversely to the contention of appellant in the case of Arkansas Southwestern R. Co. v. Wingfield [94 Ark. 75], 126 S.W. 76."

■ We think that under the Arkansas decisions, Mrs. O'Neal, under the facts and circumstances disclosed by the record in this case, was entitled to have the jury consider as an element of damages her physical pain and suffering, together with her mental anguish. A careful consideration of the entire record convinces us that the defendant's assignment of errors is without merit.

The judgment appealed from is therefore affirmed.