SOUTHWESTERN BELL TELEPHONE COMPANY *v.* NORWOOD.

4-8376                           207 S. W. 2d 733

Opinion delivered January 26, 1948.

*John L. Hughes* and *Blake Downie,* for appellant.

*Ben M. McCray,* for appellee.

McHANEY, Justice.   Appellee, a resident of Benton, Arkansas, sued appellant to recover damages caused by a fire originating in the bathroom of his home in said city which quickly spread to other rooms.  It is not alleged that appellant caused the fire, but that the operator was negligent in not answering promptly a call to notify the Fire Department made first by his wife and then by himself, which caused a delay of four or five minutes in reaching the Fire Department.  He also alleged negligence of appellant in permitting its telephone system to become so obsolete, crowded and inadequate that it did not render prompt and efficient service.

764

Appellant demurred to the complaint which was overruled, and it answered with a general denial. Trial to a jury resulted in a verdict and judgment against appellant for $1,500. This appeal followed.

The proof shows that appellee had a contract with appellant for telephone service in his residence at the rate of $1.75 per month. The telephone system in Benton is known as the magneto type, one where the subscriber has to crank his 'phone in order to contact central, and the hook that holds the receiver must be held down when ringing central.

Assuming that the evidence sufficiently established the allegations of the complaint, still we are of the opinion that there can be no recovery in this case and that the court should have directed a verdict for appellant at its request.

We have held in two cases that: "A telephone company is not liable for special damages for failure to furnish connection to a patron if it had no notice of the circumstances out of which the damages might arise." *Southern Telephone Co.* v. *King,* 103 Ark. 160, headnote 1, 146 S. W. 489, 39 L. R. A., N. S. 402, Ann. Cas. 1914B, 780; *Southwestern Bell Telephone Co.* v. *Carter,* 181 Ark. 209, 25 S. W. 2d 448. The reason for the rule, which was first announced in the old English case of *Hadley* v. *Baxendale,* 9 Exch. 341, was well stated by Judge RIDDICK in *Hooks Smelting Co.* v. *Planters Compress Co.,* 72 Ark. 275, 79 S. W. 1052, quoted in the Carter case, supra, as follows: "Now, where the damages arise from special circumstances, and are so large as to be out of proportion to the consideration agreed to be paid for the services to be rendered under the contract, it raises a doubt at once as to whether the party would have assented to such a liability, had it been called to his attention at the making of the contract, unless the consideration to be paid was also raised so as to correspond in some respect to the liability assumed. To make him liable for the special damages in such a case, there must not only be knowledge of the special circumstances, but such knowledge 'must be brought home to the party

sought to be charged under such circumstances that he must know that the person he contracts with reasonably believes that he accepts the contract with the special condition attached to it.' In other words, where there is no express contract to pay such special damages, the facts and circumstances in proof must be such as to make it reasonable for the judge or jury trying the case to believe that the party at the time of the contract tacitly consented to be bound to more than ordinary damages in case of default on his part.''

It is not claimed by appellee that he ever notified appellant that if it did not answer his calls for the Fire Department promptly, he would hold it liable for the resultant loss, and it is not reasonable to presume that appellant would have contracted to furnish him service at the small rate charged, if it should assume liability for damages caused by a fire for which it was in no wise responsible in its inception.

The case of *Foss* v. *Pacific Tel. & Tel. Co.*, 26 Wash. 92, 173 Pacific 2d 144, cited by appellant, is in point and reviews practically all the cases on the subject up to that time (1940) and shows that practically all the courts hold the same as we do. In fact, our case of *So. Tel. Co.* v. *King, supra,* is cited to support the holding there made, with a lot of others, and appellee cites no case to the contrary.

Appellee cites and relies on § 2073(b) of Pope's Digest for an affirmance of the judgment. This section provides as follows: ''Every public utility shall furnish, provide and maintain such adequate and efficient service, instrumentalities, equipment and facilities as shall promote the safety, health, comfort, requirements and convenience of its patrons, employees and the public.''

This section is § 10(b) of Act 324 of 1935, which Act is entitled ''An Act Providing for the Better Regulation of Certain Public Utilities in the State of Arkansas and for Other Purposes.'' It is a lengthy Act with 71 sections and many sub-sections. It created the ''Department of Public Utilities'' of the Arkansas Corporation Commission, and gave it broad powers. Section 2071

gives the Utilities Department the exclusive power to regulate utilities and enforce the provisions of said Act and §§ 2079 and 2080 provide for its investigation and correction of all violations of the Act, including the failure to render adequate service. Sections 2121 through 2125 provide the penalties which may be inflicted for all violations of said Act, and there is no provision therein making any utility liable in special damages to a customer for failure to render adequate service. The section relied on is simply declaratory of the then existing law relative to public utilities and added nothing to their duty to furnish adequate service.

We are, therefore, of the opinion that appellee's action for special damages cannot be maintained under said section of the statute, and that the court erred in refusing to direct a verdict for appellant. The judgment is reversed and the cause is dismissed.

ED. F. McFADDIN, Justice (concurring). I concur in the result reached by the majority, but I cannot agree with some of the expressions in the opinion. The rule announced in *Hadley* v. *Baxendale* has no application to this present case, because—by all the pleadings and evidence—this is an action in tort for negligence. *Hadley* v. *Baxendale* enunciated a rule that governs in actions for breach of contract. That rule has no bearing on or applicaiton in an action *ex delicto,* as is the present case. In 15 Am. Juris. 471 the distinction between damages in tort actions and damages in contract actions is clearly stated.

In tort actions, the negligent person is liable for all damages that flow as the direct and proximate result of the negligence, but is not liable for remote or speculative damages. Tested by that rule, the plaintiff cannot recover in the case at bar. The negligence of the telephone company was the failure to answer the signal from the plaintiff's telephone; but it requires considerable speculation to say that the plaintiff's damages

would have been lessened if the telephone signal had been answered promptly. The plaintiff's case is built on a series of conjectures, to-wit:

(1) *if* the telephone company had answered the signal promptly; and

(2) *if* the fire department had answered its phone promptly; and

(3) *if* the fire truck had reached the fire promptly; and

(4) *if* the water power had been satisfactory; and

(5) *if* the firemen had functioned efficiently:

then, on these five *"ifs"*, the plaintiff's damages would have been lessened from a fire already in progress when the plaintiff first attempted to call the telephone office. These five "ifs" demonstrate that the plaintiff's damages were speculative and remote, rather than direct and proximate; and it is entirely for this reason that I concur with the result reached by the majority. That the telephone service in Benton was extremely poor is shown by the proof. But the poor service is a matter for the Arkansas Public Service Commission.

ROBINS, J., dissenting. I respectfully dissent. I cannot agree that a telephone company is not in any circumstances answerable in damages to one of its subscribers who is injured by negligent failure of the company to furnish proper service.

We do not have here a breach of an undertaking entered into between parties occupying equal contractual positions. Public authority has granted to this company what amounts to a monopoly in telephone service in the area wherein it operates. Anyone therein who desires telephone facilities must obtain same from this company on its terms or do without service. Implicit in the situation thus created in the duty of the company to exercise at least reasonable care and diligence in furnishing proper service and also an obligation on its part to answer in damages to one of its subscribers who

suffers loss or injury flowing proximately from breach of the company's duty.

Nor can it be said that the telephone company has no notice of damages such as the jury below found appellee incurred. The availability of the telephone for use in summoning aid in any sudden emergency—to call a physician in case of dangerous illness or injury, to call peace officers for protection against felonious intruders, and, as in the case at bar, to summon the fire department to put out a fire—is one of the great inducements for subscribing for telephone service. The company well knows that its telephones are commonly used for such purposes, and the result of failure of the subscriber, on account of lack of proper telephone service, to obtain the necessary aid, is equally well known.